UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON, #206760,

       Petitioner,

                               CASE NO. 2:15-CV-10572
v.                                 HON. GEORGE CARAM STEEH

LORI GIDLEY,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Christopher Robinson ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement. The petitioner was convicted of assaulting, resisting, or obstructing a police officer, MICH. COMP. LAWS § 750.81(d)(1), following a bench trial in the Washtenaw County Circuit Court. He was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to two to four years imprisonment, to be served consecutively to parole violation sentences, in January, 2014.

In his pleadings, the petitioner raises claims concerning his arrest and charges, the jurisdiction of the police, the validity of the warrant, the trial court's jurisdiction, the arraignment and/or waiver of the arraignment, the validity of the complaint, and representation on arraignment. The petitioner's pleadings indicate that he did not

-1-

pursue a timely direct appeal of his conviction and that he has not properly sought and/or completed collateral review of his conviction in the state courts. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.     Analysis

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

In this case, the petitioner admits that he has not exhausted his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review.[1] The petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 et seq. and seek further review in the state appellate courts as necessary. The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277.

A stay is unwarranted here. First, the petitioner does not request a stay nor does he assert that his circumstances justify a stay. Second, the record before this Court indicates that all of his habeas claims are unexhausted. The Court cannot stay a

---

[1] A document in his pleadings indicates that he filed a complaint for writ of habeas corpus in the Manistee County Circuit Court in January, 2015.

petition containing all unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. See Hines v. Romanowski, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); Wilson v. Warren, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); accord Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (Rhines stay and abeyance rule does not apply to a petition alleging only unexhausted claims); United States v. Hickman, 191 F. App'x 756, 757 (10th Cir. 2006) ( "[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); McDonald v. Bell, No. 1:06–CV–406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to petition containing only unexhausted claims and dismissing petition); Mimms v. Russell, No. 1:08-CV-79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust any of his state court remedies on any of his habeas claims); Murphy v. Feneis, No. 07-153, 2007 WL 2320540 at *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend Rhines to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").

Third, it appears from the documents attached to the petition that the petitioner has a state habeas action pending in state court concerning his conviction. He must

complete the state court process before seeking habeas review of matters which are the subject of the state court motion. Witzke v. Bell, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); Harris v. Prelisnik, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Dismissal of the petition, rather than a stay of the proceedings, is warranted under such circumstances. Payne v. MacLaren, No. 14-CV-11427, 2014 WL 6688774, *3 (E.D. Mich. Nov. 26, 2014); Davis v. Warren, No. 13-CV-15215, 2014 WL 186097, *2 (E.D. Mich. Jan. 16, 2014); Glenn v. Rapelje, No. 11-CV-12759, 2011 WL 5039881, *2 (E.D. Mich. Oct. 24, 2011); Humphrey v. Scutt, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983)).

Fourth, the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), does not pose a problem for the petitioner to proceed on his claims following the exhaustion of state court remedies. The petitioner was sentenced on January 7, 2014. It appears that he did not properly pursue a direct appeal of his conviction. Consequently, his conviction became final six months later when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired, MICH. CT. R. 7.305(G)(3), on or about July 7, 2014. See 28 U.S.C. § 2244(d)(1)(A) (the time for filing a petition under § 2254 runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review"). The petitioner then had one year to file his federal habeas petition or seek additional state court review. 28 U.S.C. § 2244(d)(2). The petitioner dated his federal habeas petition on February 4, 2015. At this point, therefore, only seven months of the one-year period has run. The petitioner thus has sufficient time –

about five months – to file a new petition containing all of his habeas claims upon the completion of state court remedies.[2] A stay is unwarranted.

Lastly, even assuming that the petitioner has not engaged in "intentionally dilatory tactics," he has not shown good cause for failing to exhaust his claims in the state courts before seeking habeas relief in federal court. The Court also cannot discern whether the petitioner's unexhausted claims are "plainly meritless" from his current pleadings. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## III.    Conclusion

For the reasons stated, the Court concludes that the petitioner has not presented his habeas claims to the state courts before filing this action, that he must properly exhaust his claims in the state courts before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the petitioner's claims.

Before the petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable

---

[2]The Court notes that the petitioner's state habeas petition may also serve to toll the one-year period while it remains pending in the state courts.

whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

    **IT IS SO ORDERED**.

Dated: March 11, 2015

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 11, 2015, by electronic and/or ordinary mail and also on Christopher Robinson #206760, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660.

s/Barbara Radke
Deputy Clerk